Singleton, Judge:
This claim was filed March 15, 1968, set on the hearing docket of this Court for May 16, 1988, on which date the evidence of claimant and his witnesses and that of respondent and its witnesses was heard and the case submitted to this Court for decision. Claimant was not represented by Counsel.
It appears from the evidence that claimant leased a 1.2 acre tract of land adjacent to New River from the Chesapeake and Ohio Railroad Company, at a rental of $2.00 per year; that he was the lessee of this tract in July of 1967; that on or about July 25,1967, a State Road Commission employee, Mr. Spangler, did drive a state bulldozer across the premises in question while moving it to Marsh Fork, and that the bulldozer broke down thereon; that Spangler’s supervisor, witness Sweeney, did go to the site, did observe a “No Trespassing” sign erected by *128 claimant, and after a conversation with claimant, did seek permission of the Railroad and the claimant to remove the dozer. The dozer was subsequently repaired and removed, exiting through the river bed and not re-crossing the property in question.
Claimant testified that the passage of the bulldozer over his leased premises destroyed three “rows” of strawberry plants and “covered up” a “setting” hen and her eggs. As to this loss he is substantiated in part by the testimony of witness Wade. Respondent witness Spangler, the operator of the bulldozer, testified he saw only weeds and brush, and no “crops.”
It is the opinion of the Court that the Evidence clearly discloses an unintentional, but nevertheless actual, trespass on claimants lands, and that the claimant is entitled to any damages he has sustained as a result. Claimant alleged the sum of $1,000.00 in damages, but introduced no evidence that would begin to sustain this amount. Questioned by members of the Court and by counsel for the respondent, claimant declined, or was unable, to even state the cost of his strawberry plants or his hen. This Court has therefore exercised its statutory investigative powers to arrive at some reasonable value for these items.
After consideration of all the evidence, this Court is of the opinion that claimant is entitled to payment for the damages he sustained as a result of the trespass by respondent; and it is further the judgment of this Court that the claimant, Everett Lee Akers, should recover, and he is hereby awarded the sum of twenty-five dollars ($25.00).